UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SOPHIA SULEIMAN, individually and as Mother and Custodial Parent of her minor child, J.S., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:18-cv-261 |
| v. | ) ) ) | |
| PELLA CORPORATION, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion, Pursuant to Rule 15(2) of the Federal Rules of Civil Procedure, for Leave to File First Amended Complaint Adding J&F Construction, LLC as an Additional Party Defendant [DE 20] filed by the plaintiff, Sophia Suleiman, individually and as mother and custodial parent of her minor child, J.S., on December 6, 2018. For the following reasons, the motion is **DENIED**.

*Background*

The plaintiff initiated this matter against the defendant, Pella Corporation, on May 14, 2018, in the Lake Superior Court, and it was removed to this court on the basis of diversity jurisdiction on July 9, 2018. The plaintiff has alleged that her minor child, J.S., suffered painful and debilitating injuries when she opened and fell out of a second-floor window. The plaintiff contends that the windows did not have safety locks to prevent children from opening the windows. The plaintiff has asserted product liability and breach of warranty claims against Pella, the manufacturer and distributor of the windows.

On August 24, 2018, the court held a preliminary pretrial conference. At the pretrial conference, the court set November 2, 2018, as the last date for the parties to join additional parties or to amend the pleadings. After the court's deadline, on December 6, 2018, the plaintiff filed the instant motion requesting leave to file a first amended complaint adding J&F Construction, LLC, as an additional party defendant. The plaintiff alleges that J&F Construction installed the defective windows, and therefore should be added as an additional defendant. J&F Construction is an Indiana corporation with its principal place of business located in East Chicago, Indiana. Thus, the addition of J&F Construction would destroy diversity jurisdiction and require that this matter be remanded to the Lake Superior Court.

Pella filed a response in opposition on January 18, 2019, arguing that the plaintiff is attempting to destroy diversity and to deprive it of a federal forum. The plaintiff filed her reply on January 24, 2019. Pella requested leave to file a surreply, and the plaintiff did not object. Accordingly, Pella filed a surreply on February 19, 2019.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion only if no reasonable person could agree with the decision. *Winters v. Fru–Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007) (quoting *Butts v. Aurora Health Care, Inc.*,

387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

**Rule 15(a)(2)** says that courts should "freely give leave" to amend. However, a different standard provided by Federal Rule of Civil Procedure 16(b)(4) applies once the scheduled deadline passes. *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Thus, "[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'" to modify the schedule. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing **Federal Rule of Civil Procedure 16(b)**). In order to demonstrate good cause, the plaintiff must show that despite her diligence she could not have met the earlier deadline. *See Tschantz*, 160 F.R.D. at 571.

The plaintiff has filed the instant motion after the deadline to amend the pleadings. The plaintiff indicated that discovery revealed that J&F Construction should be added as a party defendant. However, she did not indicate when she learned that J&F Construction was the installer of the alleged defective windows or why she was unable to meet the court's deadline. Moreover, the plaintiff did not argue that the more stringent standard of Rule 16(b) had been satisfied. Accordingly, the court finds that the plaintiff has not shown good cause to amend her complaint.

Additionally, "[w]hen joinder of a nondiverse party would destroy subject matter jurisdiction, **28 U.S.C. § 1447(e)** applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 759 (7th Cir. 2009). "These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur,* 577 F.3d at

759 (citations omitted). "A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." ***Schur,*** 577 F.3d at 759 (citations omitted). In considering the propriety of the joinder of a nondiverse party after removal, the court applies the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." ***Schur,*** 577 F.3d at 759 (citations omitted).

As for allowing joinder of the nondiverse party, J&F Construction, the court begins with the first factor—the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction. After this matter was removed to this court on July 9, 2018, the plaintiff filed a separate lawsuit in the Lake Superior Court on August 1, 2018. The plaintiff, in the separate state court action, has alleged negligence claims against the owner of the apartment building where she lived, Midwest Real Estate Properties, and Affordable Builders, Inc. On November 7, 2018, the plaintiff filed a second amended complaint in the Lake Superior Court adding J&S Construction, LLC as a defendant. On January 29, 2019, counsel for the plaintiff withdrew the motion to file a second amended complaint. The claim against J&S Construction was identical to the claim asserted against J&F Construction in the instant matter.

The negligence claim asserted against J&F Construction has a logical nexus with the negligence claims pending in the Lake Superior Court against Midwest Properties and Affordable Builders. The plaintiff's actions suggest that she seeks leave to join a nondiverse defendant solely to destroy diversity. The plaintiff did not dispute that contention in her reply. As for the remaining factors, the plaintiff may assert her claim against J&F Construction in the

Lake Superior Court. Therefore, she will not be significantly injured by the court denying joinder. Moreover, the plaintiff has not shown good cause for why joinder is appropriate in the instant matter.

Based on the foregoing reasons, the Motion, Pursuant to Rule 15(2) of the Federal Rules of Civil Procedure, for Leave to File First Amended Complaint Adding J & F Construction, LLC as an Additional Party Defendant [DE 20] is **DENIED.**

ENTERED this 23rd day of April, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge