UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SOPHIA SULEIMAN, Individually and as Mother and Custodial Parent of her minor child, J.S., <br><br> Plaintiff, <br><br> v. <br><br> PELLA CORPORATION, <br><br> Defendant. | CAUSE NO.: 2:18-CV-261-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on Defendant Pella Corporation's Motion for Summary Judgment [ECF No. 37]. The Defendant seeks summary judgment in this products liability case based on the Plaintiff's failure to disclose an expert witness by the scheduled disclosure deadline. Because the Court finds that the sanction of exclusion under Rule 37(c) is not warranted in this case, the Court grants the Plaintiff leave to make the late disclosure and denies without prejudice the Defendant's motion for summary judgment.

**PROCEDURAL BACKGROUND**

The Plaintiff filed her Complaint [ECF No. 6] in the Lake Superior, Indiana, Circuit Court on May 14, 2018. The Plaintiff alleges that the windows installed at the 1090 West 85th Ave., Merrillville, Indiana, address where she resided did not have safety locks to prevent children from opening the windows. The Plaintiff alleges that the Defendant, as a manufacturer of the windows, failed to utilize available technology to provide windows with adequate locks to prevent injuries to persons, and in particular to children, from opening the windows and falling out of the windows. The Plaintiff alleges that, on August 2, 2017, the Plaintiff's minor child

opened the window and fell from the second floor to the ground, suffering painful, debilitating injuries. The Plaintiff alleges that the Defendant was negligent with respect to the designing, manufacturing, testing, inspecting, distributing, and selling of the windows and was negligent with respect to equipping windows without safety locks and other adequate safeguards, warnings, and/or instructions. The Plaintiff also brings a claim of breach of the implied warranties of merchantability and fitness for a particular purpose and a claim of strict liability.

On July 9, 2018, the Defendant removed the case. ECF No. 1. On August 24, 2018, the Court entered a scheduling order, setting the Plaintiff's expert witness disclosure deadline for March 8, 2019, the Defendant's expert witness disclosure deadline for May 7, 2019, and the completion of discovery for June 28, 2019. ECF No. 18.

On December 6, 2018, the Plaintiff filed a motion to amend complaint [ECF No. 20] to add a party defendant. After two extensions of time, the Defendant responded on January 18, 2019, the Plaintiff filed a reply on January 24, 2019, and the Defendant filed a sur-reply, with leave of Court, on February 19, 2019. ECF Nos. 28, 29, 33. On April 23, 2019, the Court denied the Plaintiff's motion to amend. ECF No. 35.

On May 2, 2019, the Defendant filed the instant motion for summary judgment [ECF No. 37] based on the Plaintiff's failure to make any expert witness disclosures by the March 8, 2019 deadline. On May 7, 2019, the Court granted a motion to stay discovery pending a ruling on the motion for summary judgment. ECF No. 41.

On May 10, 2019, the Plaintiff filed the expert report of J. Robert Taylor, ALA. ECF No. 42. On May 17, 2019, the Defendant filed a motion to strike the report as untimely, ECF No. 43, which the Court granted the same day, ECF No. 44. The Court instructed the Plaintiff either to

file a response to the motion for summary judgment within 21 days or to request leave of court to file belated expert disclosures. *Id.*

On June 7, 2019, the Plaintiff filed a response in opposition to the motion for summary judgment, attaching the expert report of J. Robert Taylor, ALA. ECF Nos. 47, 48. The Defendant filed a reply in support of its motion on June 21, 2019. ECF No. 49.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of [her] case on which [she] bears the burden of proof; if [she] fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted).

## ANALYSIS

As an initial matter, the parties appear to agree that the Indiana Products Liability Act (IPLA) governs all the Plaintiff's product liability claims, whether alleged as negligence, breach of warranty, or strict liability. *See* Ind. Code § 34-20-1-1; *Piltch v. Ford Motor Co.*, 778 F.3d 628, 632 (7th Cir. 2015). Under the IPLA, a manufacturer who "puts into the stream of

commerce any product in a defective condition unreasonably dangerous to any user or consumer . . . is subject to liability for physical harm caused by that product to the user or consumer." Ind. Code § 34-20-2-1; *see Brewer v. PACCAR, Inc.*, 124 N.E.3d 616, 621 (Ind. 2019). "A product may be defective under the IPLA if it is defectively designed, if it has a manufacturing flaw, or if it lacks adequate warnings about dangers associated with its use." *Brewer*, 124 N.E.3d at 621 (citing Ind. Code §§ 34-20-4-1 to -2; *Campbell Hausfeld/Scott Fetzer Co. v. Johnson*, 109 N.E.3d 953, 956 (Ind. 2018)). Expert testimony is required when the issue is not within the understanding of a lay person. *Piltch*, 778 F.3d at 632.

   The Defendant seeks summary judgment on the basis that the Plaintiff cannot establish a prima facie case under the IPLA because the Plaintiff failed to make expert witness disclosures required by Federal Rule of Civil Procedure 26(a)(2) by the March 8, 2019 deadline. More specifically, the Defendant argues that the Plaintiff cannot establish any defective condition of the window's locking mechanism without expert testimony. In response, the Plaintiff belatedly filed her expert witness report and argues that granting summary judgment as a sanction for her late expert disclosure is not merited at the stage of litigation in this case. For the reasons set forth below, the Court finds that exclusion of the Plaintiff's expert witness under Rule 37(c)(1) is not warranted. As a result, the Court denies the motion for summary judgment without prejudice.

   The Federal Rules of Civil Procedure require a party to disclose any expert witnesses to be relied on at trial and to produce the expert witness' written report. Fed. R. Civ. P. 26(a)(2). Pursuant to Rule 37(c)(1), "[i]f a party does not timely file [the] reports, the district court may exclude the party's expert from testifying at trial on the matters the party was required to disclose." *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785 (7th Cir. 2000) (citing Fed. R. Civ. P. 37(c)(1)). "The sanction of exclusion is 'automatic and mandatory unless the party to be

sanctioned can show that its violation of Rule 26(a) was either justified or harmless.'" *Id.* at 785–86 (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)). Four factors guide a court's analysis of whether to exclude the testimony: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

First, the Court finds minimal prejudice to the Defendant based on the short delay in the Plaintiff's expert witness disclosure after the deadline, and any prejudice can be cured through the completion of discovery and motion practice on the merits. On December 5, 2018, the Plaintiff filed a motion to amend complaint to add a party defendant. After the Defendant was granted two extensions of time, the motion was fully briefed on February 19, 2019. While the motion was pending, the Plaintiff's March 8, 2019 expert witness disclosure deadline passed with no disclosures by the Plaintiff. On April 23, 2019, the Court denied the motion to amend.

Eight days after the Court's ruling, on May 2, 2019, the Defendant filed the instant motion for summary judgment based on the Plaintiff's failure to make any expert witness disclosures. Just eight days after the motion, on May 10, 2019, the Plaintiff filed the expert report of J. Robert Taylor, ALA, which addressed deficiencies with the window at issue in this case. A week later, the Defendant filed a motion to strike the report as untimely. The Court granted the motion, instructing the Plaintiff to either file a response to the motion for summary judgment or to request leave to file belated expert disclosures. The Plaintiff's response appears to do both by explaining her failure to meet the expert witness disclosures deadline based on her pending motion to amend, attaching her expert witness disclosures, and arguing that granting summary judgment at this early stage of the litigation for a procedural failure is not justified in this case.

5

At the time of the Defendant's May 2, 2019 motion for summary judgment, the case had been pending for less than a year, the June 28, 2019 discovery deadline was not set to expire for almost two months, and the Court had not yet set a dispositive motion deadline. Shortly after the Defendant filed the motion for summary judgment, the Court granted a motion to stay discovery and all remaining discovery deadlines pending a ruling on the motion. Any prejudice to the Defendant by the brief delay in the Plaintiff's late disclosure can be cured by the Court resetting the expert and fact discovery deadlines. Moreover, the Defendant will have an opportunity to challenge the admissibility of the Plaintiff's expert witness' opinions and to file a dispositive motion, if appropriate.

Next, there is no disruption to trial because fact discovery had not yet closed. Finally, the Court finds no bad faith or willfulness on the part of the Plaintiff in not disclosing the expert report by the deadline. The Plaintiff explains that her attorney did not meet the March 8, 2019 expert disclosure deadline because her motion to amend complaint was still pending. Her attorney erroneously believed that the discovery deadlines were stayed pending the resolution of the motion because, if the motion had been granted, the addition of a party defendant would have required new discovery deadlines. Pursuant to his affidavit, Plaintiff's counsel continued to work on this case file, including communication with the defense counsel about discovery on May 1, 2019, the day before the Defendant's motion. While counsel's understanding was incorrect, there is no evidence of bad faith. In fact, the Defendant seems to have proceeded based on the same assumption. The Defendant waited almost two months after the Plaintiff missed the March 8, 2019 expert disclosure deadline but only eight days after the Court's April 23, 2019 order to file its May 2, 2019 motion for summary judgment.

Accordingly, the Court accepts the Plaintiff's expert disclosures filed with her response brief as timely. The Court finds that exclusion for the late disclosure under Rule 37(c)(1) is not warranted in this case. And, because the Defendant's motion is based on that exclusion, the Court denies the motion for summary judgment without prejudice at this stage of the litigation.

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES without prejudice Pella Corporation's Motion for Summary Judgment [ECF No. 37]. The Court REAFFIRMS the May 19, 2022 telephonic status conference. *See* ECF No. 57.

SO ORDERED on May 10, 2022.

                                               s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT